CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAY 0 2 2008
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TROY D. DREW, | ) | |
| Plaintiff, | ) | Civil Action No. 7:02cv00542 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN S. K. YOUNG, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

By memorandum opinion and order entered on February 24, 2003, plaintiff's complaint was dismissed by this court. Plaintiff appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed the dismissal on August 7, 2003, "for the reasons stated by the district court." Drew v. Young, et al., 70 Fed. Appx. 725. On February 20, 2008, the court denied plaintiff's "motion to reinstate" the complaint. More recently, on March 18, 2008, the court denied plaintiff's "motion for rehearing."[*]

---

[*] Plaintiff contended that his request should be granted because the court dismissed "plaintiff(s) [sic] civil action for failure to state a claim . . . without giving plaintiff legal opportunity to amend his complaint. . . ." The court observed:

> In the first instance, given that this case was filed less than two weeks shy of six years ago, was dismissed more than five years ago, and that the dismissal was affirmed by the Fourth Circuit almost five years ago, plaintiff's motion is simply frivolous and a waste of the court's time.[] Moreover, plaintiff is simply wrong in his assertion that the court did not give him an opportunity to amend his complaint prior to dismissing it. The complaint was entered upon the docket on April 3, 2002; over the next six months, plaintiff was instructed to consent to the withholding of the fee, defendants entered their responsive pleadings to the complaint, and plaintiff entered his responses to defendants' responsive pleadings. By order entered October 7, 2002, the court notified the plaintiff of the defendants' motion to dismiss as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), and warned plaintiff that judgment might be granted for the defendants if plaintiff did not respond to the motion. Plaintiff responded. The court dismissed all but one of plaintiff's claims for failure to exhaust all available administrative remedies as required by 42 U.S.C. § 1997e(a); however, the court observed that plaintiff had exhausted his administrative remedies regarding the Eighth Amendment claim of having been served "poisonous meals." The court further observed that, "[b]ecause the parties have submitted materials other than the bare pleadings, the court considers the Defendants' Motion to Dismiss as a Motion for Summary Judgment under Rule 56" and dismissed plaintiff's Eighth Amendment claim "on its merits" because it failed to state a claim upon which relief may be granted. The record reflects that plaintiff had ample opportunity to amend his complaint and that he did, in fact, respond to defendants' pleadings. And, as the court has already observed,

(continued...)

In its opinion of March 18, 2008, the court also warned plaintiff

> that if he files any further frivolous motions in this court, he will be subjected to a pre-filing review system, possibly leading to an injunction from further filings and the imposition of monetary sanctions. Prisoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive, or vexatious motions. Demos v. Keating, 33 Fed. Appx. 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001); In re Vincent, 105 F.3d 943 (4th Cir. 1997). Plaintiff is hereby warned that future frivolous filings will result in the imposition of a pre-filing review system. Vestal v. Clinton, 106 F.3d 553 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the court that are not made in good faith and do not contain substance will be summarily dismissed as frivolous. Foley v. Fix, 106 F.3d 556 (4th Cir. 1997); In re Head, 19 F.3d 1429 (table), 1994 WL 118464 (4th Cir. 1994). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings, and plaintiff may be subjected to the imposition of monetary sanctions. See 28 U.S.C. § 1651(a); Fed. R. Civ. P. 11(b) and (c); In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).

The case is now before the court upon plaintiff's "notice of procedural error," asking "that this entire civil proceeding be invalidated from all records of the courts do [sic] to the procedural error of the action itself."

Given the explicit warning in the court's opinion of March 18, 2008, quoted above, and plaintiff's demonstrated persistence in filing frivolous motions, which have no good-faith basis, are intended only to harass, and are a burden upon this court's resources, the court has no alternative but to enter a pre-filing injunction against him in order to protect the court. Accordingly, as plaintiff has continued to file frivolous and abusive motions, the court will issue a pre-filing injunction against

---

*(...continued)
plaintiff lodged an appeal of the dismissal, pursuant to which the Fourth Circuit "reviewed the record and the district court's opinion and [found] no reversible error." See Drew, 70 Fed. Appx. 725.
Accordingly, the motion was dismissed as frivolous.
  Additionally, the court noted that plaintiff has been apprised of his status as a "three-striker," i.e., his ineligibility to file a civil rights complaint without full pre-payment of the $350.00 filing fee unless he can show that he is under imminent danger of serious physical injury. See Drew v. McKnight, 7:08-cv-00041 (W.D. Va. January 23, 2008). Court records indicate that plaintiff has filed 17 civil rights actions and habeas corpus petitions in the federal courts in Virginia since 1998.

2

him. See Cromer v. Kraft Foods of North America, Inc., 390 F.3d 812, 818 (4th Cir. 2004).

The Clerk of the Court is directed to send a certified copy of this memorandum opinion and the accompanying order to plaintiff.

**ENTER:** This 2nd day of May, 2008.

*Jackson L. Kiser*
Senior United States District Judge

3